UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| SAMUEL BRINSON, ) | |
| ) | Case No. 1:03-CR-81; 1:16-CV-269 |
| *Petitioner*, ) | |
| ) | Judge Travis R. McDonough |
| v. ) | |
| ) | Magistrate Judge Susan K. Lee |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| *Respondent*. ) | |

## MEMORANDUM OPINION

Before the Court is Petitioner's pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Doc. 92]. He bases his request for relief on *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA") was unconstitutionally vague [*Id.*]. The United States responded in opposition on August 26, 2016 [Doc. 95]. For the following reasons, Petitioner's § 2255 petition [Doc. 92] will be **DENIED** and **DISMISSED WITH PREJUDICE**.

I.  BACKGROUND

In 2004, Petitioner pled guilty to, and was subsequently convicted of, committing Hobbs Act robbery, in violation 18 U.S.C. § 1951, brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c), and possessing a firearm and ammunition as a felon, in violation of 18 U.S.C. § 922(g)(1) [Docs. 24, 51]. He was initially sentenced to an aggregate of 147 months' imprisonment followed by three years' supervised release [Doc. 30]. The Sixth Circuit remanded the original sentence for resentencing in light of *United States v. Booker*, 543 U.S. 220 (2005) [Doc. 36]. On remand, this Court reimposed the same sentence—

concurrent 63-month terms for the Hobbs Act robbery and felon in possession offenses and a consecutive term of 84 months' incarceration for the § 924(c) offense [Doc. 51]. Petitioner appealed, and the Sixth Circuit affirmed his sentence.

Petitioner was released from custody in April of 2014 to begin his term of supervised release [Doc. 77], but promptly returned to custody after violating the terms of the same [*Id.* at 2–3 (indicating that the violation resulted from the use of cocaine in July of 2014 and commission of burglary in August of 2014)]. As a result of the violation, this Court revoked Petitioner's supervised release and imposed a 48-month sentence for that violation [Docs. 86, 89]. Petitioner appealed and the Sixth Circuit upheld the sentence [Doc. 90]. Petitioner filed the instant petition for collateral relief seeking correction of his §924(c) sentence in light of *Johnson* on June 27, 2016 [Doc. 92]. The United States responded in opposition to relief [Doc. 95].

## II.  ANALYSIS OF PETITION

Petitioner's argument appears to be that the *Johnson* decision invalidated the similarly worded residual clause in § 924(c)(3)(B), thereby removing Hobbs Act robbery from the list of "crimes of violence" sufficient to support a conviction under § 924(c)(1)(A) [Doc. 92 (arguing that he is entitled to vacatur of his § 924(c) conviction)]. His argument fails for three reasons.

First, Petitioner's request fails because he is no longer "in custody" for the § 924(c) sentence that he seeks to challenge [Docs. 77, 86, 89], and this Court will not "consider the merits of [a] § 2255 motion[] filed by [a person] no longer in custody." *Pilla v. United States*, 668 F.3d 368, 372 (6th Cir. 2012). While it is true that a person serving a term of supervised release remains "in custody" for the underlying offense, *see, e.g.*, *United States v. Zack*, No. 98-1526, 199 WL 96996, at *1 (6th Cir. Feb. 1, 1999), the same cannot be said for an individual whose supervised release has been revoked because he or she is at that point "in custody" only as

2

to the supervised release violation, not the original conviction, *see Hanley v. United States*, No. 95-1992, 1996 WL 476404, at *2 (6th Cir. Aug. 20, 1996) (explaining that "punishment for violation of supervised release is distinct form the punishment imposed for the underlying criminal act"); *Taylor v. United States*, No. 1:02-cr-9, 2012 WL 669521, at *18–19 (E.D. Tenn. Feb. 28, 2012) (finding challenges to the original judgment of conviction unreviewable in a § 2255 motion following the entry of judgment for a revocation of supervised release).

Second, binding Sixth Circuit precedent holds that, while *Johnson* invalidated the residual provision of the ACCA and identically worded clause in Section 4B1.2 of the United States Sentencing Guidelines, § 924(c)(3)(B)'s definition of crime of violence remains unaffected.[1] *See United States v. Pawlak*, 822 F.3d 902, 911 (6th Cir. 2016) (concluding

---

[1] The ACCA mandates a 15-year sentence for any felon who unlawfully possesses a firearm after having sustained three prior convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). The statute defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, involves the use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B). It was this third clause—the residual clause—that the Supreme Court deemed unconstitutional in *Johnson*. 135 S. Ct. at 2563.

Section 4B1.1 enhances a defendant's offense level if he or she qualifies as a "career offender," i.e., adult defendant whose offense of conviction is a "crime of violence or controlled substance offense" and who has "at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S. Sentencing Manual § 4B1.1(a). "Crime of violence" under the Guidelines is defined in an almost identical manner as "violent felony" under the ACCA. *See* U.S. Sentencing Manual § 4B1.2(a) (adopting identical use-of-force and residual clauses as well as a nearly identical enumerated-offense clause).

Section 924(c)(1)(A) makes it a crime for an individual, "in relation to any crime of violence or drug trafficking crime . . . for which the person may be prosecuted in a court of the United States, [to] use[,] carr[y] [or possess] a firearm . . . in furtherance of . . . such crime." 18 U.S.C. § 924(c)(1)(A). Section 924(c)(3) goes on to define "crime of violence" as any "felony" that "has as an element the use, attempted use, or threatened use of physical force against the person

3

"rationale of *Johnson* applies equally" to the Guidelines' definition of crime of violence); *United States v. Taylor*, 814 F.3d 340, 376–79 (6th Cir. 2016) (recognizing at least four "significant differences" between the residual clause in § 924(c)(3)(B) and the ACCA's residual clause and noting "the argument that *Johnson* effectively invalidated [the former] is . . . without merit"). As such, his Hobbs Act robbery remains a crime of violence capable of supporting a conviction under § 924(c)(1)(A).

Third, even if *Johnson*'s reasoning could be used to invalidate § 924(c)(3)(B)'s residual clause, Petitioner's conviction for Hobbs Act robbery would remain a crime of violence under the provision because the offense qualifies under the use-of-physical-force clause contained in § 924(c)(3)(A). An offense qualifies as a crime of violence if it "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). Petitioner's conviction for Hobbs Act robbery, which by definition involves the taking of property "by means of actual or threatened force, or violence, or fear of injury," 18 U.S.C. § 1951(b)(1), categorically falls within the scope of that provision. *See, e.g.*, *In re Fleur*, No. 16-12299, 2016 WL 3190539, at *3 (11th Cir. June 8, 2016) (finding, post-*Johnson*, that Hobbs Act robbery categorically qualifies as a crime of violence under the use-of-physical-force clause in 18 U.S.C. § 924(c)(3)(A)); *United States v. Howard*, No. 15-10042, 2016 WL 2961978, at *1 (9th Cir. May 23, 2016) (same); *accord United States v. House*, No. 14-3011, 2016 WL 3144735, at *3 (8th Cir. June 2016) (finding that Hobbs Act robbery categorically qualifies as a "serious violent felony" under 18 U.S.C. § 3559(c)(2)(F)(ii)'s use-of-physical-force clause); *United States v. McBride*, No. 15-3759, 2016 WL 3209496, at *2 (6th

---

or property of another" (use-of-physical-force clause); or "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense" ("residual clause").

Cir. June 10, 2016) (finding that federal bank robbery, in violation of 18 U.S.C. § 2113(a), which can be committed "by force and violence, or by intimidation," falls within the Section 4B1.2(a)'s use-of-physical-force clause); *United States v. Mitchell*, 743 F.3d 1054, 1058–60 (6th Cir. 2014) (finding that Tennessee robbery, which can be committed "by violence or putting the person in fear," categorically qualifies as a violent felony under the ACCA's use-of-physical-force clause). In light of the foregoing, *Johnson* is inapposite and cannot operate as a basis for collateral relief.

## IV. CONCLUSION

For the reasons discussed, Petitioner's § 2255 petition [Doc.92] will be **DENIED** and **DISMISSED WITH PREJUDICE**. The Court will **CERTIFY** any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**